Conrad V. Sison (SBN: 217197)
csison@lockelord.com
Christopher Lee (SBN: 274639)
clee@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California  90071
Telephone:   213-485-1500
Facsimile:    213-485-1200

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and WELLS FARGO BANK, N.A., AS
TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST MORTGAGE
LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-1 (erroneously sued as
Wells Fargo Bank, N.A.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA GARCIA, | CASE NO. 13-CV-6029-MMM (AGRx) |
| Plaintiff, | Honorable Margaret M. Morrow |
| vs. | **DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| WELLS FARGO BANK, N.A.; SELECT PORTFOLIO SERVICING, INC.; AND DOES 1 TO 100, INCLUSIVE, | Date:        April 7, 2014 |
| | Time:        10:00 a.m. |
| Defendants. | Place:        Ctrm: 780 |
| | [Proposed Order Granting Motion to Dismiss and Request for Judicial Notice filed concurrently herewith] |
| | Removal date: August 16, 2013 |
| | Action Filed:  June 26, 2013 |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2   **PLEASE TAKE NOTICE** that on April 7, 2014 at 10:00 a.m., or as soon

3  thereafter as the matter may be heard before the Honorable Margaret M. Morrow in

4  Courtroom 780 of the above-entitled court located at 255 East Temple Street Los

5  Angeles, California 90012-3332, Defendants Select Portfolio Servicing, Inc. and

6  Wells Fargo Bank, N.A., As Trustee For Harborview Mortgage Loan Trust Mortgage

7  Loan Pass-Through Certificates, Series 2007-1 (erroneously sued as Wells Fargo

8  Bank, N.A.) will, and hereby do, move this Court to dismiss Plaintiff Cristina Garcia's

9  Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on the

10  grounds that all the causes of action fail to state a claim upon which relief may be

11  granted.

12   This motion is based upon this Notice of Motion and Motion, the incorporated

13  Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, the

14  pleadings and papers on file herein, and upon such material as may be presented at or

15  before the hearing of this matter.

16   This motion is made following the conference of counsel pursuant to L.R. 7-3

17  which took place on January 23, 2013.

18

19  Dated: January 24, 2013          Respectfully submitted,

20                                   LOCKE LORD LLP

21

22

23                                   By: /s/ Christopher Lee
24                                        Conrad V. Sison
25                                        Daniel A. Solitro
                                          Christopher Lee
26                                   Attorneys for Defendants SELECT
27                                   PORTFOLIO SERVICING, INC. and
                                     WELLS FARGO BANK, N.A.
28

*Locke Lord LLP*
*300 South Grand Avenue, Suite 2600*
*Los Angeles, CA 90071*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND .....................................................................................................2

III.    ARGUMENT ..........................................................................................................3

    A.    Legal Standard ..........................................................................................3

    B.    Plaintiff's Breach Of Contract Claim Fails To State A Claim................................4

    C.    Plaintiff's Negligence Claim Fails To State A Claim.............................5

    D.    Plaintiff's Intentional Infliction of Emotional Distress Claim Fails To State A Claim.........................................................................................6

    E.    Plaintiff's UCL Claim Fails To State A Claim.....................................8

IV.    CONCLUSION.....................................................................................................12

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

*Armstrong v. Chevy Chase Bank, FSB*,
  No. 5:11-cv-05664EJD, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ...............6

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ...................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................3

*Castaneda v. Saxon Mortg. Services, Inc.*,
  No. Civ. 2:09-01124 WBS DAD, 2010 WL 726903 (E.D. Cal. Feb. 26,
  2010) ..........................................................................................5

*DeLeon v. Wells Fargo Bank, N.A.*,
  No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal. Jan. 28, 2011).............11

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) ...........................................................3

*Hartford Life & Annuity Ins. Co. v. Doris Barnes*,
  No. 10–7560, 2012 WL 688817 (C.D. Cal. Feb. 3, 2012) ...................................9

*Johnston v. Ally Financial, Inc.*,
  No. 11-CV-0998-H (BLM), 2011 WL 3241850 (S.D. Cal. July 29, 2011).........6

*Justo v. Indymac Bancorp*
  (C.D. Cal. Feb. 19, 2010) No. 09-1116 JVS, 2010 WL 623715 ......................11

*McGough v. Wells Fargo Bank, N.A.*,
  No. 12–0050, 2012 WL 5199411 (N.D. Cal. Oct. 22, 2012) .............................9

*Mehta v. Wells Fargo Bank, N.A.*,
  737 F. Supp. 2d 1185 (S.D. Cal. 2010) ...............................................9

*Pantoja v. Countrywide Home Loans, Inc.*,
  640 F. Supp. 2d 1177 (N.D. Cal. 2009)..........................................................10

*Pok v. American Home Mortg. Servicing, Inc.*,
  No. CIV 2:09-2385, 2010 WL 476674(E.D. Cal. Feb. 3, 2010) ........................5

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Ramirez v. Barclays Capital Mortg.*,
  No. CV F-10-1039 LJO SKO, 2010 WL 2605696 (E.D.Cal. June 28, 2010) .....7

*Rangel v. DHI Mortg. Co., Ltd.*,
  No. 09-1035, 2009 WL 2190210 (E.D. Cal. Jul. 21, 2009) ................................5

*Shroyer v. New Cingular Wireless Serv., Inc.*,
  622 F.3d 1035 (9th Cir. 2010) ......................................................................3

*Simila v. American Sterling Bank*,
  No. 09-781, 2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) ...............................11

*Smith v. Wachovia*,
  No. C 09–01300 SI, 2009 WL 1948829 (N.D. Cal. July 6, 2009).....................7

*Sorenson v. Countrywide Home Loans, Inc.*,
  No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794 (E.D. Cal. Jan. 11, 2010).....8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .......................................................................4

*Watts v. Decision One Mortg. Co.*,
  No. 09-43 2009 WL 2044595 (S.D. Cal. Jul. 13, 2009)...................................5

**STATE CASES**

*Bundren v. Super. Ct.*,
  145 Cal. App. 3d 784 (1983) .........................................................................7

*Cervantez v. J.C. Penney Co.*,
  24 Cal. 3d 579 (1979) ..................................................................................7

*Clayworth v. Pfizer, Inc.*,
  49 Cal. 4th 758 (2010) ................................................................................11

*Daro v. Superior Court*,
  151 Cal. App. 4th 1079 (2007) .....................................................................11

*Fletcher v. Western National Life Ins. Co*,
  10 Cal. App. 3d 376 (1970) ...........................................................................7

*Kentucky Fried Chicken of California, Inc. v. Super. Ct.*,
  14 Cal. 4th 814 (1997) ..................................................................................5

*Khoury v. Maly's of Cal. Inc.*,
    14 Cal. App. 4th 612 (1993) .......................................................................... 8

*Mabry v. Super. Ct.*,
    185 Cal. App. 4th 208 (2010) ....................................................................... 9

*McClung v. Emp't Dev. Dept.*,
    34 Cal. 4th 467 (2004) ................................................................................ 10

*Mendoza v. City of L.A.*,
    66 Cal. App. 4th 1333 (1998) ....................................................................... 5

*Nichols v. Keller*,
    15 Cal. App. 4th 1672 (1993) ....................................................................... 5

*Nymark v. Heart Fed. Savings & Loan Assoc.*,
    231 Cal. App. 3d 1089 (1991) ...................................................................... 5

*Ross v. Creel Printing & Publishing Co.*,
    100 Cal. App. 4th 736 (2002) ....................................................................... 7

*Scripps Clinic v. Super.Ct.*
    , 108 Cal. App. 4th 917 (2003) ................................................................... 10

*Secrest, et al. v. Sec. Nat. Mortgage Loan Trust 2002-2, et al.*,
    167 Cal. App. 4th 544 (2008) ................................................................... 1, 4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    93 Cal. App. 4th 700 (2001) ...................................................................... 11

*Stebley v. Litton Loan Servicing, LLP*,
    202 Cal. App. 4th 522 (2012) ....................................................................... 9

*Unterberger v. Red Bull North Am., Inc.*,
    162 Cal. App. 4th 414 (2008) ....................................................................... 6

*W. & S. Life Ins. Co. v. State Bd. of Equalization*,
    4 Cal. App.3 d 21, 34 (1970) ..................................................................... 10

*Wagner v. Benson*,
    101 Cal. App. 3d 27 (1980) ......................................................................... 5

**STATE STATUTES**

Cal. Bus. & Profs. Code § 17200 .................................................................... 8

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Cal. Bus. & Profs. Code § 17204.................................................................11

Cal. Civ. Code § 1624..............................................................................4

Cal. Civ. Code § 2923.5..................................................................2, 3, 8, 9

Cal. Civ. Code § 2923.6..........................................................................8, 9

Cal. Civ. Code § 2923.7..........................................................................8, 9

Cal. Civ. Code § 2924............................................................................8, 10

Cal. Civ. Code § 2924.10........................................................................8, 9

Cal. Civ. Code § 2924.11........................................................................8, 9

Cal. Civ. Code § 2924.17........................................................................8, 9

Cal. Civ. Code § 2932.5........................................................................8, 10

Cal. Civ. Code § 2934............................................................................8, 10

**FEDERAL RULES**

Federal Rule of Civil Procedure 12(b)(6)...................................................1, 3

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, N.A., As Trustee For Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1 ("Wells Fargo") hereby submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Second Amended Complaint by Plaintiff Cristina Garcia ("Plaintiff") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

This is a mortgage litigation action that relates to real property located at 1405 Ridgecrest St. Monterey Park, California 91754 (the "Subject Property"). Plaintiff acknowledges that she received a $520,000 loan to purchase the subject property and that she fell behind on her mortgage payments. Defendants eventually foreclosed on the subject property pursuant to a power of sale clause in the Deed of Trust Plaintiff executed in favor of her original lender and that was later assigned to Wells Fargo.

Plaintiff's SAC raises four purported causes of action. First, Plaintiff asserts a breach of contract claim. However, the contract Plaintiff alleges was breached by Defendants is not signed and, therefore, is not enforceable under the statute of frauds. The law in California is clear that a contract modifying the terms of a Promissory Note or Deed of Trust also is subject to the statute of frauds. *Secrest, et al. v. Sec. Nat. Mortgage Loan Trust 2002-2, et al.*, 167 Cal. App. 4th 544, 553 (2008). Second, Plaintiff asserts a claim for negligence. It is well established that in the mortgage loan context, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. Third, the Complaint falls woefully short of alleging a claim for intentional inflictions of emotional distress, which cannot be based on a foreclosure pursuant to a deed of trust after Plaintiff failed to meet her mortgage obligations. This is not extreme and outrageous conduct. Nor does Plaintiff sufficiently allege that she suffered severe or extreme emotional distress. Finally,

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Plaintiff's unlawful competition law claim also fails. It is based on purported violations of California statute that are either moot or do not apply to the allegations in the Complaint.

Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

## II.   BACKGROUND

In return for a $520,000 loan, Plaintiff and her husband, Bernardo A. Garcia, executed a Deed of Trust secured by the Subject Property in favor of their original lender, SCME Mortgage Bankers, Inc. ("SCME"), on October 24, 2006. (A true and complete copy of the Deed of Trust is attached as <u>Exhibit A</u> to Defendants' Request for Judicial Notice ("RJN") filed concurrently with this Motion).  On June 2, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for SCME, assigned its interest in the Deed of Trust to Wells Fargo.  (A true and complete copy of the Substitution of Trustee and Assignment of Deed of Trust is attached as <u>Exhibit B</u> to the RJN).  Bank of America, N.A. ("BANA") served as Wells Fargo's original servicer on the loan.  (SAC ¶ 3).

Plaintiff concedes that she fell behind on her mortgage payments at some point. (*Id.* ¶ 17).  Plaintiff alleges that, in 2010, Plaintiff applied for a loan modification.  (*Id.* ¶ 27).  Plaintiff further alleges that, on November 17, 2011, BANA granted Plaintiff a loan modification.  (<u>Exhibit 1</u> to the SAC.).  In December of 2011, BANA transferred the servicing of Plaintiff's loan to SPS.  (*See* SAC ¶ 3).  Plaintiff alleges that SPS refused to honor the loan modification and accept the modified payment.  (*Id.*).   On June 7, 2012, Wells Fargo substituted the original trustee under the Deed of Trust, Stewart Title, for Quality Loan Service Corporation ("QLS").  (A true and complete copy of the Substitution of Trustee is attached as <u>Exhibit C</u> to the RJN.  On June 18, 2012, QLS recorded a Notice of Default reflecting $14,143.28 in arrearages on the subject property.  (A true and complete copy of the Notice of Default and Election to Sell Under Deed of Trust is attached as <u>Exhibit D</u> to the RJN).  The Notice of Default included a Declaration of Due Diligence pursuant to California Civil Code Section

2923.5.  (*Id.*)  The Declaration of Due Diligence declared that Plaintiff had been contacted to assess her financial situation and to explore options to avoid foreclosure on May 2, 2012.  (*Id*).  On September 21, 2012, QLS recorded a Notice of Trustee's Sale on the subject property reflecting an unpaid balance on the loan of $672,704.59.  (A true and complete copy of the Notice of Trustee's Sale is attached as <u>Exhibit E</u> to the RJN).  On January 4, 2013, QLS sold the subject property at a public auction.  (A true and complete copy of the Trustee's Deed Upon Sale is attached as <u>Exhibit F</u> to the RJN).

Plaintiff alleges four causes of action against SPS for breach of contract, negligence, intentional infliction of emotion distress, and violation of California's Unfair Competition Law ("UCL").  All of Plaintiff's claims arise out of the false allegations that SPS refused to honor the loan modification agreement, failed to record the Notice of Default and Notice of Trustee's Sale, and failed to contact Plaintiff to ascertain her financial situation.  (SAC ¶¶ 13-35).

## III.   ARGUMENT

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed as a matter of law because it fails to allege sufficient facts to support a cognizable legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  While the Court must take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff, "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993).  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (internal citations and brackets omitted).  To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The factual allegations must be enough to raise a right to relief above the speculative level. *Id.* In other words, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Moreover, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## B.   Plaintiff's Breach Of Contract Claim Fails To State A Claim.

Plaintiff alleges that Defendants breached the loan modification agreement she entered into with BANA by refusing to honor the agreement after her loan was service transferred from BANA to SPS. Plaintiff attaches the loan modification agreement in support of her claim as Exhibit 1. Among its provisions, the loan modification agreement provides that "As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing." However, the agreement is unsigned by BANA, and thus cannot serve as a basis for a breach of contract claim under the statute of frauds. A contract modifying the terms of a Promissory Note or Deed of Trust also is subject to the statute of frauds. *Secrest, et al. v. Sec. Nat. Mortgage Loan Trust 2002-2, et al.*, 167 Cal. App. 4th 544, 553 (2008). "A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent. Under Civil Code section 1624, the party to be charged means the party to be charged in court with the performance to the obligation, i.e., the defendant in the action brought to enforce the contract." *Id.* at 552 (internal quotations omitted). Accordingly, the loan modification Plaintiff attaches as an exhibit, by itself, is unenforceable and insufficient as a basis for a breach of contract claim. *See Secrest*, 167 Cal. App. 4th at 553 (finding a forbearance agreement unenforceable because it was unsigned by the lender).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

### C.    Plaintiff's Negligence Claim Fails To State A Claim.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998). Plaintiff's negligence claim fails because they cannot establish the requisite elements of duty and breach.

The court determines as a question of law the existence of a legal duty on the part of the defendant. *See Kentucky Fried Chicken of California, Inc. v. Super. Ct.*, 14 Cal. 4th 814, 819 (1997). "Absent the existence of duty …there can be no breach and no negligence." *Nichols v. Keller*, 15 Cal. App. 4th 1672, 1683 (1993). It is well established that in the mortgage loan context, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assoc.*, 231 Cal. App. 3d 1089, 1096 (1991); *Rangel v. DHI Mortg. Co., Ltd.*, No. 09-1035, 2009 WL 2190210, at *3 (E.D. Cal. Jul. 21, 2009) ("DHI Mortgage correctly notes the absence of an actionable duty between a lender and borrower in that loan transactions are arms-length and do not invoke fiduciary duties."); *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.); *Watts v. Decision One Mortg. Co.*, No. 09-43  2009 WL 2044595, *2-3 (S.D. Cal. Jul. 13, 2009) (capacity as loan servicer "imposes no legal duty of care"); *Castaneda v. Saxon Mortg. Services, Inc.,* No. Civ. 2:09-01124 WBS DAD, 2010 WL 726903, *4 (E.D. Cal. Feb. 26, 2010); *Pok v. American Home Mortg. Servicing, Inc.,* No. CIV 2:09-2385, 2010 WL 476674, *4(E.D. Cal. Feb. 3, 2010).

To the extent that Plaintiff argues that Defendants owed her a duty of care because they undertook the task of reviewing her for a loan modification, that argument has been rejected. "The problem with this argument is that a loan

modification, which at its core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation of loan terms. This renegotiation is the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence.  Outside of actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender.  For this reason, numerous cases have characterized a loan modification as a traditional money lending activity." *Armstrong v. Chevy Chase Bank, FSB*,  No. 5:11-cv-05664EJD, 2012 WL 4747165, *4 (N.D. Cal. Oct. 3, 2012); *Johnston v. Ally Financial, Inc.*, No. 11-CV-0998-H (BLM), 2011 WL 3241850, *4 (S.D. Cal. July 29, 2011) (loan modification is an activity that is "intimately tied to Defendant's lending role.").  While it is unfortunate that Plaintiff suffers from cancer, there is no legal authority for Plaintiff's proposition that knowledge of an illness imposes a duty of care on lender is a loan transaction.

Moreover, even if Plaintiff could establish a legal duty of care, she has failed to identify a breach of that duty.  Plaintiff identifies two purported negligent acts: recording an inaccurate Notice of Trustee's Sale (Compl.¶ 24) and the refusing to honor the loan modification agreement (Compl. ¶ 25).  The first allegation is refuted by the publicly available, and judicially noticeable, recorded Notice of Trustee's Sale, which QLS recorded on September 21, 2012.  (RJN, Ex. E.)  The second allegation cannot sustain a cause of action because Defendants are under no legal duty to modify a borrower's loan.  Thus, Plaintiff has also failed to establish a breach.

**D.**   **Plaintiff's Intentional Infliction of Emotional Distress Claim Fails To State A Claim.**

The elements of intentional infliction of emotional distress claim are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or a reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of emotional distress by the defendant's outrageous conduct.  *Unterberger v. Red Bull*

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*North Am., Inc.*, 162 Cal. App. 4th 414, 423 (2008).  "Whether treated as an element of the prima facie case or as a matter of defense, it must also appear that the defendants' conduct was unprivileged."  *Ross v. Creel Printing & Publishing Co.*, 100 Cal. App. 4th 736, 745 (2002) quoting *Fletcher v. Western National Life Ins. Co.*, 10 Cal. App. 3d at 376, 394 (1970).  To be outrageous, conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Id.* quoting *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979).

Here, the conduct Plaintiff complains of is Defendants' exercise of their right under the power of sale clause contained in the Deed of Trust upon default despite a loan modification agreement.  This conduct, even if true, is far from extreme and outrageous, let alone so extreme that it would exceed all bounds tolerated by society.  *See Smith v. Wachovia*, No. C 09–01300 SI, 2009 WL 1948829, at *4 (N.D. Cal. July 6, 2009) (allegations that defendant "wrongfully and intentionally initiated non-judicial foreclosure proceedings" were "not so extreme as to exceed the bounds of civilized society"); *Ramirez v. Barclays Capital Mortg.*, No. CV F-10-1039 LJO SKO, 2010 WL 2605696, at *10-11(E.D.Cal. June 28, 2010) ("The allegation that Defendant's conduct was 'extreme and outrageous' is conclusory, and Plaintiffs have not alleged any conduct by Defendant beyond that 'generally accepted in the debt collection and/or the foreclosure process, which is inherently stressful for debtors.'").  Indeed, Defendants, as creditors, have a qualified privilege to collect on a debt.  *Bundren v. Super. Ct.*, 145 Cal. App. 3d 784, 789 (1983) ("the creditor possesses a qualified privilege to protect its economic interest…;"in a society greatly dependent upon the extension of credit, it is important that a creditor be allowed a certain degree of freedom in demanding payment…").

But more dispositive, Plaintiff has failed to allege facts that demonstrate that Defendants foreclosed on her property with the intent and purpose of causing Plaintiff emotional injury.  Plaintiff makes clear that she believes that Defendants foreclose on

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

people's homes to turn a profit, not for the enjoyment of causing their borrowers emotional distress.

Last, Plaintiff fails to identify with any particularity the severe and extreme emotional distress she has suffered. Accordingly, she has failed to state a claim for intentional infliction of emotional distress.

### E.   Plaintiff's UCL Claim Fails To State A Claim.

Plaintiff has taken a kitchen sink approach to her UCL claim, resulting in an amalgamation of a scattershot and conclusory allegations without any factual support. Without any explanation, Plaintiff claims that Defendants violated California Civil Code Sections "2923.5, 2923.6, 2923.7, 2924, 2924.10, 2924.11, 2924.17, 2932.5, 2934, TILA, RESPA, ETC." ("Compl. ¶ 16)  There is no thoughtful explanation of what each statute requires of the lender and servicer and how that statute has been violated by Defendants' actions. *Sorenson v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01943-MCE-KJM, 2010 WL 308794, at *8 (E.D. Cal. Jan. 11, 2010) (quoting *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993)) ("[A] plaintiff alleging unfair business practices under § 17200 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'").  In a similar fashion, Plaintiff alleges a laundry list of purported unfair and unlawful practices such as illegal use of signers, intentionally overcharging Plaintiffs, improperly applying late fees, unauthorized use of escrow accounts, unauthorized use of "suspense" accounts, forced-placed insurance, and so on.  Nowhere does Plaintiff allege who signed what and why it was illegal, what services Defendants overcharged Plaintiffs for and why it was unfair, how the escrow accounts were misused, what a suspense account even is, and why forcing Plaintiffs to purchase homeowner's insurance is unlawful or unfair.  These are no more than bald and conclusory assertions that alone cannot support a UCL claim.

In any event, Plaintiff cannot state predicate statutory violations for any of the statutes she identifies as a matter of law.  First, there is no remedy for a violation of

Civil Code Section 2923.5 post foreclosure.  *Mabry v. Super. Ct.*, 185 Cal. App. 4th 208, 235 (2010).  "[T]he sole available remedy is "more time" before a foreclosure sale occurs.  After the sale, the statute provides no relief."  *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 526 (2012); *Mabry*, 185 Cal. App. 4th 235 ("the *only* remedy provided is a post postponement of the sale before it happens.") (emphasis in original); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1193 (S.D. Cal. 2010) ("once the foreclosure sale happens, the postponement remedy disappears.").   In this case, the subject property was sold at a public auction on January 4, 2013.   Accordingly, "even if Defendants did not contact Plaintiff as required prior to foreclosure, Plaintiff's ability to raise this challenge expired on the date of the sale of his property."  *Mehta*, 737 F. Supp. 2d at 1194.

Second, Plaintiff cannot state a violation of California Civil Code Sections 2923.6 (prohibits dual tracking), 2924.10 (requires that the servicer send a loan modification applicant an acknowledgement letter within five days of the application), 2923.7 (requires a single point of contact for a loan modification), 2924.11 (requires that a servicer suspend foreclosure if a modification is approved), and 2924.17 (requires servicer to have reliable evidence of a default before foreclosing) because they are recent enactments by the California State Legislature under the Homeowner's Bill of Rights, which took effect on January 1, 2013.  All of the purported wrongful acts Plaintiff alleges relative to her application for a loan modification took place from 2010-2012 (SAC ¶ 27).  The Homeowner's Bill of Rights does not apply retroactively to give a plaintiff an ex post facto private right of action for conduct that occurred before January 1, 2013.  *See McGough v. Wells Fargo Bank, N.A.*, No. 12–0050, 2012 WL 5199411, *5 n.4 (N.D. Cal. Oct. 22, 2012) ("The amendments [in the Homeowner Bill of Rights] do not go into effect until Jan. 1, 2013 and there is no indication that the law is intended to be, or will be, applied retroactively."); *Hartford Life & Annuity Ins. Co. v. Doris Barnes*, No. 10–7560, 2012 WL 688817, *5 (C.D. Cal. Feb. 3, 2012) ("There is a presumption against the retroactive application of new legislative

enactments. 'A statute that interferes with antecedent rights will not operate retroactively unless such retroactivity be the 'unequivocal and inflexible import of the terms, and the manifest intention of the legislature.'") (quoting *McClung v. Emp't Dev. Dept.*, 34 Cal. 4th 467, 475 (2004)); *W. & S. Life Ins. Co. v. State Bd. of Equalization*, 4 Cal. App.3 d 21, 34 (1970) ("[R]etrospective imposition of increased liabilities should be carefully avoided."). Since the foreclosure occurred on January 4, 2013, all of the allegations of dual tracking and failing to appoint a single point of contact during Plaintiff's loan modification review must have occurred, as evident from the SAC, prior to January 1, 2013.   Accordingly, event taking these bald assertions as true, Plaintiff fails to state a claim.

Third, Plaintiff cannot demonstrate a violation of Section 2932.5 which merely provides that the power of sale under the Deed of Trust may be exercised by the assignee if the assignment is duly acknowledged and recorded.  Here, the assignment of the Deed of Trust to Wells Fargo was and is duly recorded.  Similarly, Section 2934 merely relates to lien priority and provides: Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.  By its terms, Section 2934 does not place any affirmative obligation on the lender or servicer such that Plaintiff could assert a claim under it.

Fourth, Section 2924, TILA, and RESPA have numerous and wide ranging provisions.  It is impossible to tell from the SAC which provision has been violated by which purported act.  Accordingly, Plaintiffs fails to state a claim under those statutes.

As evident, Plaintiff's UCL claim is premised on statutory violations, but she fails to establish a statutory violation.  An alleged "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Super.Ct.* , 108 Cal. App. 4th 917, 940 (2003).; *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186, 1190-91 (N.D. Cal. 2009) ("since the Court has

dismissed all of the Plaintiffs' predicated violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL"); *Simila v. American Sterling Bank*, No. 09-781, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) ("Plaintiffs have not sufficiently 'tethered' their allegations of unfair competition to any underlying law and thus both [defendants'] motions to dismiss this claim are GRANTED."). Thus is must be dismissed. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (UCL claim failed where it was premised on statutory violations but the complaint failed to allege statutory violations).

In addition, it is black letter law that "[t]o bring a claim under the UCL, … Plaintiffs must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (citing CAL. BUS. & PROFS. CODE § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010)). Here, Plaintiff's has not plead how she was damaged by that alleged conduct. See *DeLeon*, 2011 WL 311376, at *7 (because "the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default … Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed"); *Justo v. Indymac Bancorp* (C.D. Cal. Feb. 19, 2010) No. 09-1116 JVS (AGRx), 2010 WL 623715, at *6 (dismissing UCL claim with prejudice where plaintiffs could not allege a causal connection between the alleged injury and the allegedly unlawful act) (*citing Daro v. Superior Court* (2007) 151 Cal. App. 4th 1079, 1099.

///
///
///

**IV.    CONCLUSION**

       For the foregoing reasons, Defendants requests that the Court grant its Motion to Dismiss without leave to amend.


Dated: January 24, 2013              LOCKE LORD LLP




                           By: /s/ *Christopher Lee*
                                  Conrad V. Sison
                                  Christopher Lee
                           Attorneys for Defendants SELECT
                           PORTFOLIO SERVICING, INC. and
                           WELLS FARGO BANK, N.A.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**